UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-621-BO

| MOHAMMED IMAM, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| CUMBERLAND COUNTY, NC, | ) |  |
| Defendant. | ) |  |

This matter is before the Court on defendant's motion to dismiss [DE 6]. Plaintiff has responded in opposition and the matter is ripe for disposition. For the following reasons, defendant's motion to dismiss [DE 6] is DENIED.

## BACKGROUND

In 2002, plaintiff began employment in defendant's Information Services Technology Department ("IT department"). [DE 1, ¶ 10]. Plaintiff was a "Systems Programmer," a position which required technical expertise but did not include on-site duties. [DE 1, ¶¶ 14–20]. As a result, plaintiff often telecommuted from his home in Raleigh, North Carolina. [DE 1, ¶ 21].

In August 2016, plaintiff was diagnosed with deep vein thrombosis ("DVT") in his right leg. [DE 1, ¶ 24–25]. Plaintiff's doctor advised him to avoid driving for several weeks. [DE 1, ¶ 26]. Therefore, on August 15, 2016, plaintiff requested from defendant a two-week telecommuting schedule. [DE 1, ¶ 27]. Defendant granted plaintiff's request. [DE 1, ¶ 28].

On September 6, 2016—following the conclusion of plaintiff's telecommuting schedule—defendant proposed a modification to defendant's job description, adding operational duties which would require plaintiff to be on site. [DE 1, ¶ 29]. Plaintiff objected, arguing "that the new duties would exacerbate his DVT and were excessive in light of" other responsibilities that had recently been

added to plaintiff's job description. [DE 1, ¶ 31]. Plaintiff refused to sign the new job description. [DE 1, ¶ 33].

On September 15, plaintiff's physician faxed a letter to defendant recommending, following a recent evaluation of plaintiff's DVT, that plaintiff avoid driving for an additional two to three months. [DE 1, ¶ 34]. Again, plaintiff requested a telecommuting schedule. [DE 1, ¶ 35]. This time, however, defendant refused. [DE 1, ¶ 37]. Defendant's IT director based this refusal on the new operational duties added to plaintiff's job description on September 6, which would require plaintiff to be "on site daily" and which could not be performed remotely. *Id.*

On October 20, plaintiff met with his supervisors and human resources personnel to discuss his objections to his new operational duties. [DE 1, ¶ 40]. Defendant's IT director informed plaintiff that the new operational duties comprised thirty percent of his job description and required his presence on site every day. [DE 1, ¶ 41]. The dispute over the new operational duties went unresolved. Defendant's IT director informed plaintiff that he was expected to report to work on November 3. [DE 1, ¶ 45]. After plaintiff failed to do so, a pre-disciplinary conference was held on November 9, and plaintiff was terminated on November 14. [DE 1, ¶¶ 47–50].

In December 2017, plaintiff brought claims for discrimination and retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* [DE 1]. Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 6]. The Court held a hearing on October 17, 2018.

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the

defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

I. Plaintiff has alleged sufficient facts to state a claim for discrimination.

To state a claim for discrimination under the ADA, a plaintiff must plausibly allege that (1) he has a disability within the meaning of the statute, (2) he is a "qualified individual," and (3) his employer took adverse action against him because of his disability. *Young v. United Parcel Serv., Inc.*, 707 F.3d 437, 443 (4th Cir. 2013).

First, defendant argues that plaintiff is not a "qualified individual" within the meaning of the ADA. A qualified individual is a person who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "[C]onsideration shall be given to the employer's judgment as to what functions of the job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." *Id.* An essential job function is one which "bear[s] more than a marginal relationship to the job at issue." *Tyndall v. Nat'l Educ. Ctrs.*, 31 F.3d 209, 213 (4th Cir. 1994).

Defendant argues that plaintiff is not a "qualified individual" because he could not perform the essential functions of his job. Defendant argues that on-site attendance became an essential function of plaintiff's job after September 6, 2016, and that plaintiff failed to comply with this requirement. But any on-site attendance requirement did not exist at the time that plaintiff was first

3

diagnosed with DVT and did not exist at the time plaintiff first requested (and received) a telecommuting schedule. Unlike in *Tyndall*, where on-site attendance was a clear requirement for a school teacher, plaintiff's IT responsibilities did not clearly require on-site attendance at the time his disability arose. Plaintiff was able to complete all of the essential functions of his job remotely until defendant added operational duties on September 6.

Second, defendant argues that telecommuting is not a reasonable accommodation. While the Fourth Circuit has not definitively determined whether telecommuting is a *per se* reasonable accommodation that employers must provide under the ADA, in this instance, plaintiff has sufficiently alleged that permitting him to work remotely—as defendant had previously—was a reasonable accommodation. Thus, plaintiff has alleged sufficient facts to state a plausible claim for discrimination.

II. Plaintiff has alleged sufficient facts to state a claim for retaliation.

To state a claim for retaliation under the ADA, a plaintiff must show (1) that he engaged in protected activity and, (2) because of this, (3) his employer took adverse action against him. *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 706 (4th Cir. 2001).

Defendant argues that plaintiff has not alleged sufficient facts to survival dismissal because plaintiff's additional responsibilities were relayed to him after his initial period of telecommuting had ended and before plaintiff's physician requested additional time at home. But viewing the complaint in the light most favorable to plaintiff, plaintiff has credibly alleged that defendant took adverse action against him because of his disability when defendant added operational responsibilities to plaintiff's job description. Thus, plaintiff has alleged sufficient facts to state a plausible claim for retaliation.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 6] is DENIED.

SO ORDERED, this 27 day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE